UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DONNELL SHELTON

                                Petitioner,

      -v.-
                                                  9:09-CV-1151
JOSEPH T. SMITH, Superintendent,         (GLS/ATB)
Shawangunk Correctional Facility,

                                Respondent.
_____

DONNELL SHELTON
98-A-5515
Petitioner, *pro se*

PAUL B. LYONS, Assistant Attorney General,
for Respondent

ANDREW T. BAXTER, United States Magistrate Judge

## REPORT and RECOMMENDATION

Petitioner, Donnell Shelton, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Dkt. No. 1). In his amended application, petitioner challenges a September 9,[1] 1998, judgment of conviction from the Schenectady County Court. (Amended Petition ("Am. Pet.") ¶¶ 1–2, Dkt. No. 7). Petitioner was convicted after a jury trial of Murder, Second Degree; Criminal Possession of a Weapon, Second Degree; Criminal Possession of a Weapon, Third Degree; two counts of Criminal Use of a Firearm in the First Degree; and Assault in the First Degree. (Am. Pet. ¶ 4). Petitioner was sentenced to concurrent, indeterminate terms aggregating twenty-five years to life

---

[1] Petitioner indicates that the date of his judgment of conviction is July 8, 1998, which was the date the jury found petitioner guilty. The county court sentenced petitioner on September 9, 1998. *See* Resp.'s Exh. I, J, L; *People v. Shelton*, 270 A.D.2d 647 (3d Dep't 2000).

imprisonment. (Am. Pet. ¶ 3). Petitioner's conviction was affirmed by the Appellate Division on March 16, 2000. (Am. Pet. ¶ 9(a)–(d) & *People v. Shelton*, 270 A.D.2d 647, 705 N.Y.S.2d 703 (3d Dep't 2000)). The New York Court of Appeals denied leave to appeal on May 31, 2000. (Am. Pet. ¶ 9(e) & *People v. Shelton*, 95 N.Y.2d 801, 711 N.Y.S.2d 169 (2000)). Petitioner filed a motion to vacate his conviction in Schenectady County Court pursuant to N.Y. Crim. Proc. Law § 440.10 ("440.10 Motion") on September 2, 2008. (Am. Pet. ¶ 11(a); Resp.'s Ex. O). The Schenectady County Court denied petitioner's 440.10 Motion on November 10, 2008. (Am. Pet. ¶ 11(a)(5)–(6); Resp.'s Ex. S). On January 6, 2009, petitioner filed a petition for a writ of error coram nobis ("Coram Nobis Petition") in the Appellate Division, Third Department. (Am. Pet. ¶ 11(b); Resp.'s Ex. X). The Appellate Division denied petitioner's Coram Nobis Petition on March 25, 2009. (Am. Pet. ¶ 11 (b)(5)–(6); Resp.'s Ex. Y).

Petitioner has completed a form-petition, which includes the background information discussed above. However, petitioner does not utilize the space on the form to list his grounds for relief,[2] but instead has attached a seven-page document entitled "Ground Topic," in which he describes the grounds on which his amended petition is based. (Ground Topic pp. 1–7).

Petitioner alleges in his Ground Topic that he was tried and convicted without a valid indictment, his trial and appellate counsel erred by not challenging the validity of the indictments, and petitioner's attorneys withheld the relevant documents from

---

[2] Paragraphs 12(A) through 12(D).

him until May 2008. (Ground Topic pp. 1–6). Petitioner then concludes that because his indictments were allegedly invalid, he is "actually innocent," and that this court should therefore excuse the lateness of his petition, and "remove the procedural bar and entertain the underlying issues." (Ground Topic p. 6–7).

Petitioner was granted permission to proceed *in forma pauperis* on December 28, 2009. (Dkt. No. 8). Respondent filed his answer on April 27, 2010, including the relevant state court records, and a supporting memorandum of law. (Dkt. Nos. 12, 13, 14).

## DISCUSSION

**I.     Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established a one-year statute of limitations for prisoners to seek federal review of their state court criminal convictions. 28 U.S.C. § 2244(d)(1). The one year period generally begins to run from the date on which the state criminal conviction became final by the conclusion of direct review or by the expiration of the time to seek direct review. *Id.* § 2244(d)(1)(A). If a direct appeal is filed, the judgment of conviction becomes final ninety days after the date that the New York Court of Appeals denies leave to appeal.[3] *Williams v. Artuz*, 237 F.3d 147, 150–51 (2d Cir. 2001).

---

[3] The ninety day time period is the time that petitioner would have had to seek direct review of his conviction in the United States Supreme Court and must be counted for purposes of the AEDPA statute of limitations. *Williams v. Artuz*, 237 F.3d at 150–51 (discussing the statutory requirement that the statute of limitations begins to run "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review") (citing 28 U.S.C. § 2244(d)(1)(A)).

Other dates from which the limitations period may start running are the date on which an unconstitutional, state-created impediment to filing a habeas petition is removed; the date on which the constitutional right on which petitioner bases his habeas application was initially recognized by the Supreme Court, if the right was newly recognized *and* made retroactively applicable; or the date on which the factual predicate for the claim or claims presented could have been discovered through the exercise of due diligence (newly discovered evidence). 28 U.S.C. § 2244(d)(1)(B), (C), and (D).

As noted by District Judge Gary L. Sharpe in his order dated October 21, 2009, and this court in its order dated December 28, 2009, the petition appears time-barred. (Dkt. Nos. 3, 8). Petitioner's conviction became "final" for the purposes of AEDPA on August 29, 2000, ninety days after the New York Court of Appeals denied leave to appeal. Therefore, petitioner had until August 29, 2001, to file a timely petition. This petition was signed on October 10, 2009, *eight years after* the one-year statute of limitations under 28 U.S.C. § 2244(d)(1)(A) expired. (Dkt. No. 1).

## II.   Statutory Tolling

The AEDPA does, however, provide for tolling of the statute of limitations. The Statute provides that the one-year limitations period will be tolled while a state court post-conviction motion is pending. 28 U.S.C. § 2244(d)(2). The tolling provision only applies if the post-conviction motion was pending within the one-year limitations period. *Smith v. McGinnis*, 208 F.2d 13, 16 (2d Cir. 2000). Simply filing a post-conviction motion does not re-start the limitations period, and it excludes from

the limitations period only the time that the motion remained undecided, including the time during which an appeal from the denial of the motion was taken. *See Bennett v. Artuz*, 199 F.3d 116, 120–21 (2d Cir. 1999). Respondent included copies of Petitioner's 440.10 Motion and petitioner's Coram Nobis Petition in the State Court Records, filed on April 27, 2010. Petitioner's 440.10 Motion was filed on September 2, 2008, (*see* Resp.'s Ex. O) and his Coram Nobis Petition was filed on January 6, 2009 (*see* Resp.'s Ex. X). Both were filed *well after* the statute of limitations had run. Therefore, statutory tolling does not apply.

### III.   Equitable Tolling

Although the AEDPA does not specifically provide that the statute of limitations may be tolled for any reasons other than the pendency of a state post-conviction motion, the United States Supreme Court has held that "§ 2244(d) is subject to equitable tolling in appropriate cases." *Holland v. Florida*, __ U.S. __, 130 S. Ct. 2549, 2560 (2010). In order to warrant equitable tolling, petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Id.* at 2562 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Diaz v. Kelly*, 515 F.3d 149, 153 (2d Cir. 2008).

Petitioner makes a two-pronged attempt to overcome the statute of limitations hurdle. Both prongs are based on the central argument he made in his 440.10 Motion, in which he claimed that the indictments handed down by the grand jury were defective. (Resp.'s Ex. O at 2–3). Petitioner concluded, in his 440.10 Motion, that because counsel did not raise the issue challenging the validity of the indictments,

5

counsel was ineffective. *Id.* In his habeas petition, petitioner adjusts his argument—now arguing that the alleged deficiencies in the indictments[4] deprived the trial court of subject matter jurisdiction. (Pet.'s Reply to Opp. p. 3) Petitioner's first argument is that the allegedly deficient indictments make petitioner's conviction void, which somehow renders him "actually innocent." (Ground Topic p. 4). Petitioner's second argument is that because he allegedly did not have copies of the indictments until 2008, this information constitutes "new evidence."[5] (Ground Topic p. 1).

Petitioner's arguments must fail. First, "'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (citing *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)). Petitioner's use of the words "actual innocence" do not transform his allegations of technical violations into anything that remotely resembles a claim that he is actually innocent of murder.

Second, the petitioner has the burden of showing that the purported new evidence could not have been discovered earlier with due diligence. *United States v. White*, 972 F.2d 16, 20 (2d Cir. 1992). The fact that petitioner received copies of the indictments from his own counsel, instead of supporting petitioner's claim that the indictments are now "new evidence," demonstrate that they were in the possession of petitioner's counsel, who did not need to discover them. The indictments are not new

---

[4] Petitioner alleges that these indictments were the result of a "conspiracy between the Grand Jury and the A.D.A. . . . to somehow railroad the petitioner by any means . . . ." (Ground Topic p. 3).

[5] Petitioner appears to be attempting to rely on 28 U.S.C. § 2244(d)(1)(D), which provided that habeas relief can be sought after a conviction has been final for one year in cases where newly discovered evidence supports petitioner's claim for relief.

evidence.[6]

In addition, petitioner has made no showing that he was diligently pursuing his rights from 2001 to 2008.  Petitioner's argument that he did not have copies of his indictments, and therefore, was forced to defend against false indictments is insufficient to show any extraordinary circumstance that would make application of equitable tolling appropriate.  Petitioner has made no showing that would merit equitable tolling of the statute, and this court finds that petitioner's petition is time-barred.

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that the Amended Petition be **DENIED** and **DISMISSED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), & 6(e).

Dated: September 16, 2010

Hon. Andrew T. Baxter
U.S. Magistrate Judge

---

[6] The reason petitioner's counsel chose not to raise the issue at trial or on appeal was explained by the county court in its decision denying petitioner's 440.10 Motion, where it stated that the indictments were indeed "true bills" and not defective.  (Resp.'s Ex. S).