**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**DONNELL SHELTON,**

                  **Petitioner,**                  9:09-cv-1151
                                                                 (GLS/ATB)

            **v.**

**JOSEPH T. SMITH,** Superintendent,
Shawangunk Correctional Facility,

                  **Respondent.**
_____

**APPEARANCES:**                          **OF COUNSEL:**

**FOR THE PETITIONER:**

Donnell Shelton
Pro Se
98-A-5515
Shawangunk Correctional Facility
P.O. Box 700
Wallkill, NY 12589

**FOR THE RESPONDENT:**

HON. ERIC T. SCHNEIDERMAN      PAUL B. LYONS
New York State Attorney General      Assistant Attorney General
120 Broadway
New York, NY 10271

**Gary L. Sharpe
District Court Judge**

## **MEMORANDUM-DECISION AND ORDER**

### **I. Introduction**

Pro se petitioner Donnell Shelton filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the Schenectady County Court's judgment of conviction for second-degree murder; second-degree criminal possession of a weapon; third-degree criminal possession of a weapon; two counts of first-degree criminal use of a firearm; and first-degree assault.  (*See* Am. Pet., Dkt. No. 7.)  In a Report and Recommendation (R&R) filed September 16, 2010, Magistrate Judge Andrew T. Baxter recommended that Shelton's petition be denied and dismissed.[1]  (*See* R&R, Dkt. No. 18.)  Shelton filed timely objections to the R&R on October 20, 2010.  (*See* Dkt. No. 21.)  For the reasons that follow, Judge Baxter's R&R is adopted, and Shelton's petition is denied and dismissed.

### **II. Standard of Review**

Before entering final judgment, this court routinely reviews all report and recommendation orders in cases it has referred to a magistrate judge.

---

[1] The Clerk is directed to append the R&R to this decision, and familiarity therewith is presumed.

2

If a party has objected to specific elements of the magistrate judge's findings and recommendations, this court reviews those findings and recommendations de novo.  *See Almonte v. N.Y. State Div. of Parole*, No. 04-cv-484, 2006 WL 149049, at *6-7 (N.D.N.Y. Jan. 18, 2006).  In those cases where no party has filed an objection, or only a vague or general objection has been filed, this court reviews the findings and recommendations of a magistrate judge for clear error.  *See id.*

### III.  Discussion

Because Shelton has objected to Judge Baxter's findings and recommendations as a whole, the court has reviewed those findings and recommendations for clear error and finds none.  For the following reasons, the R&R is adopted in its entirety.

Prisoners who wish to seek federal review of their state court criminal convictions by way of a petition for a writ of habeas corpus are subject to a one-year statute of limitations, pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  28 U.S.C. § 2244(d)(1).  This one-year statutory limitations period begins to run at the time the underlying conviction becomes final, which is typically either at the conclusion of direct review or, if the judgment is appealed, ninety days after the expiration of

3

petitioner's eligibility to petition the United States Supreme Court for certiorari. *Id.* § 2244(d)(1)(A); *see also Williams v. Artuz*, 237 F.3d 147, 150-51 (2d Cir. 2001). Here, this would mean that the statute of limitations began to run ninety days after leave to appeal was denied by the New York Court of Appeals.

This one-year limitations period may be tolled, however, in one of two ways: either statutorily under AEDPA, or, in limited circumstances, through the doctrine of equitable tolling. Under the statute, the one-year limitations period may be tolled during the time that a properly filed state court post-conviction motion remains pending; that is, the post-conviction motion must be pending within the one-year limitations period. *Smith v. McGinnis*, 208 F.3d 13, 16 (2d Cir. 2000).

While AEDPA expressly provides for statutory tolling only as described above, the Supreme Court has recognized certain instances where equitable tolling may be appropriate. Specifically, equitable tolling is allowed only where the petitioner can demonstrate (1) that he has been diligently pursuing his rights, and (2) that an "extraordinary circumstance" prevented him from filing a timely petition for a writ of habeas corpus. *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010).

4

Shelton was denied leave to appeal his conviction by the New York Court of Appeals on May 31, 2000. (*See* Am. Pet. ¶ 9, Dkt. No. 7.) Pursuant to AEDPA, the statute of limitations began to run ninety days later, on August 29, 2000. 28 U.S.C. § 2244(d)(1)(A). The limitations period therefore expired one year later, on August 29, 2001. Because Shelton did not file his habeas corpus petition until October 10, 2009, (*see* Pet., Dkt. No. 1.), his petition was untimely.

Furthermore, Shelton fails to qualify for either statutory or equitable tolling of the limitations period. Shelton filed a motion to vacate his conviction in Schenectady County Court pursuant to N.Y. CRIM. PROC. LAW § 440.10 on September 2, 2008, and he filed a petition for a writ of error coram nobis on January 6, 2009. (*See* R&R at 2, Dkt. No. 18.) Neither of these post-conviction motions were pending within the one-year limitations period, and therefore they could not serve as a basis for statutory tolling. *See Smith*, 208 F.3d at 16. Nor has Shelton demonstrated that he meets the criteria for equitable tolling. As Judge Baxter explained in his R&R, Shelton has not established that he was diligently pursuing his rights from 2001 to 2008. Furthermore, he has not shown any extraordinary circumstance that has prevented him from filing a timely petition in order to

merit equitable tolling.  Therefore, because Shelton's petition was not filed until eight years after the limitations period had run, and he does not meet the criteria for statutory or equitable tolling, his petition is untimely.

## IV.  Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Magistrate Judge Andrew T. Baxter's Report and Recommendation (Dkt. No. 18) is **ADOPTED** and Shelton's petition for a writ of habeas corpus is **DENIED** and **DISMISSED**; and it is further

**ORDERED** that no certificate of appealability shall issue because Petitioner has failed to make a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); and it is

**ORDERED** that the Clerk close this case and provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

June 17, 2011
Albany, New York

*[signature]*
United States District Court Judge

6